a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JASON PAUL DRYDEN #759778,<br>Petitioner | CIVIL DOCKET NO. 1:24-CV-00718<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Jason Paul Dryden ("Dryden"). Dryden is incarcerated at Elayn Hunt Correctional Center in St. Gabriel. He challenges a conviction in the 35th Judicial District Court, Grant Parish.

Because Dryden's Petition is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Dryden was charged with first degree rape of a juvenile under the age of 13. ECF No. 9-1 at 21. A jury convicted him of the lesser offense of sexual battery of a juvenile under the age of 13. *Id.* at 11; La. R.S. 14:43.1. On July 15, 2021, he was sentenced to eight and one-half years of imprisonment. *Id.* Dryden did not appeal.

On April 22, 2022, Dryden filed a "Memorandum of Support for Application of Post-Conviction" seeking the reinstatement of his right to appeal. ECF No. 9-1 at 4. He also filed a motion seeking a copy of his trial transcript. *Id.* On May 11, 2022, the

1

trial court denied the motions because Dryden did not use the Uniform Application for Post-Conviction Relief approved by the Louisiana Supreme Court. *Id* at 2. The order informed Dryden that using the correct form was mandatory. *Id.*

On December 19, 2022, Dryden filed a motion for production of various document and a state habeas form. *Id.* at 9. The form was "entirely blank, with no factual allegations or legal grounds asserted" and both documents were unsigned. *Id.* Accordingly, on December 21, 2022, both requests were denied. *Id.*

On February 23, 2023, Dryden's mother submitted a complaint to the public defender's office because no appeal was filed on Dryden's behalf. ECF No. 9-1 at 21. The district public defender replied to the complaint indicating that Dryden and his attorney decided not to appeal because the trial court had imposed an illegally lenient sentence, and by appealing, the mandatory minimum of 25 years could have been imposed. *Id.* (citing La. R.S. 14:43.1(A)(2) ("Whoever commits the crime of sexual battery on a victim under the age of thirteen years when the offender is seventeen years of age or older shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years.")).

II. <u>Law and Analysis</u>

    A. <u>Dryden's Petition arises under 28 U.S.C. § 2254.</u>

Dryden filed suit on a § 2241 form. Habeas petitions filed pursuant to § 2241 are generally used to challenge the manner a sentence is being executed, *see Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000), or to raise infirmities in pre-trial proceedings, such as violations of the state speedy trial act, double jeopardy, or

improper bond conditions, *see Stringer v. Williams*, 161 F.3d 259 (5th Cir. 1998). Petitioners challenging the legality of a state conviction or sentence must file a § 2254 petition. *See id.*; *Stewart v. Cain*, 71 F.3d 879 (5th Cir. 1995). Therefore, the Petition is construed as filed under § 2254. *Wallace v. Louisiana State*, 23-30687, 2023 WL 8826949, at *1 (5th Cir. 2023).

    **B.**    <u>**Dryden's Petition is subject to screening under Rule 4 of the Rules Governing 28 U.S.C. § 2254 Cases.**</u>

Rule 4 of the Rules Governing § 2254 Cases provides that "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases).

    **C.**    <u>**Dryden's Petition is untimely.**</u>

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations for filing federal applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1)(A). The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." *Id.* Federal courts may raise the one-year limitations period *sua sponte*. *See Kiser v*, 163 F.3d at 328.

Because Dryden did not appeal, his conviction became final on August 15, 2021, when the time to appeal expired. Although the statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-

3

conviction relief is pending in state court is not counted toward the limitations period, *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999), Dryden did not properly file an application for post-conviction relief.

Even if Dryden's "Memorandum of Support for Application of Post-Conviction" is considered a properly filed post-conviction application entitling him to statutory tolling, the Petition is still untimely. The memorandum was filed on April 22, 2022, after 250 days of the one-year federal limitations period had passed. The trial court's denial was issued on May 11, 2022. ECF No. 9-1 at 4. At that time, the federal limitations period resumed until the expiration date of September 3, 2022. Dryden's § 2254 Petition was not filed in this Court until May 28, 2024, well after the limitations period had expired.

Equitable tolling is available where a party has been "pursuing his rights diligently" and "some extraordinary circumstance" prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Although Dryden asserts that his attorney failed to appeal, he provides no extraordinary circumstances that prevented him from timely filing a § 2254 Petition in this Court. Therefore, Dryden does not establish entitlement to equitable tolling.

### III. Conclusion

Because the Petition is untimely, IT IS RECOMMENDED that the Petition (ECF No. 1), construed under § 2254, be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Tuesday, November 19, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE